FILED: March 23, 2022

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 21-4067
(5:19-cr-00339-FL-1)

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

LENAIR MOSES, a/k/a Bones,

        Defendant – Appellant.

------------------------------

NEW CIVIL LIBERTIES ALLIANCE,

        Amicus Supporting Rehearing Petition.

———————————

O R D E R

———————————

The court denies the petition for rehearing en banc.

A requested poll of the court failed to produce a majority of judges in regular active service and not disqualified who voted in favor of rehearing en banc. Chief Judge Gregory, Judge Motz, Judge King, Judge Wynn, and Judge Thacker voted to grant rehearing en banc.

Judge Wilkinson, Judge Niemeyer, Judge Agee, Judge Diaz, Judge Harris, Judge Richardson, Judge Quattlebaum, Judge Rushing, and Judge Heytens voted to deny rehearing en banc.

The court further denies the motion for rehearing before the panel. Judge Niemeyer and Judge Cullen voted to deny panel rehearing, and Judge King voted to grant panel rehearing.

Judge Niemeyer wrote an opinion supporting the denial of rehearing en banc. Judge Motz wrote an opinion dissenting from the denial of rehearing en banc and voting to grant rehearing en banc, in which Judges King, Wynn, and Thacker joined. Judge Wynn wrote an opinion voting to grant rehearing en banc, in which Judges Motz, King, and Thacker joined.

Entered at the direction of Judge Niemeyer.

For the Court

/s/ Patricia S. Connor, Clerk

2

NIEMEYER, Circuit Judge, supporting the denial of rehearing en banc:

At the root of this case lies the question of whether the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), overruled its earlier decision in *Stinson v. United States*, 508 U.S. 36 (1993), for determining the enforceability of and weight to be given the official commentary of the Sentencing Guidelines. *Stinson* held that Guidelines commentary, *even when the related Guideline is unambiguous*, is authoritative and binding on courts, unless the commentary is inconsistent with law or the Guideline itself. *Id*. at 38, 43, 44. *Kisor*, on the other hand, limited controlling deference to an executive agency's reasonable interpretation of its own regulations to where "the regulation is *genuinely ambiguous*." 139 S. Ct. at 2415 (emphasis added). Thus, under *Stinson*, Guidelines commentary would be authoritative and binding regardless of whether the Guideline to which it is attached is ambiguous, whereas under *Kisor*, Guidelines commentary would receive such deference only if the Guideline were "genuinely ambiguous." The distinction is meaningful to federal courts' continuing reliance on Guidelines commentary when sentencing criminal defendants.

The panel concluded that until the Supreme Court expresses its view on the point, we should not hold that the Court has overruled one of its earlier opinions, recognizing the Court's instruction that "it is this Court's prerogative alone to overrule one of its precedents." *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997); *see also Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021) ("It is beyond our power to disregard a Supreme Court decision, even if we are sure the Supreme Court is soon to overrule it"), *cert. denied*, 142 S.

3

Ct. 716 (2021). Accordingly, the panel concluded that in determining the enforceability of and weight to be given Guidelines commentary — which was the precise issue before the Court in *Stinson*, but not in *Kisor* — we should continue to apply *Stinson*.

While this case was pending in this court and the panel opinion was being prepared, another case, *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), was also pending before another panel as the opinion was being prepared. The opinion in *Campbell*, however, was filed several days before the opinion in this case.

*Campbell* held that a prior conviction for a "controlled substance offense," as that term is defined in U.S.S.G. § 4B1.2(b), does not include a conviction for "*attempting* to commit such [an] offense[]," as stated in the commentary to that Guideline. U.S.S.G. § 4B1.2 cmt. n.1 (emphasis added). The court concluded that the commentary was "plainly" inconsistent with the Guideline because "an attempt offense . . . is not a 'controlled substance offense,'" as the latter is defined in the Guideline itself. *Campbell*, 22 F.4th at 444. Applying the guidance of *Stinson* "that commentary to the Sentencing Guidelines 'is authoritative unless it . . . is *inconsistent* with . . . [the] guideline,'" the court therefore held that the commentary before it was unenforceable. *Id*. (emphasis added) (quoting *Stinson*, 508 U.S. at 38). The *Campbell* court also provided additional but *conditional* support to its holding, stating that "*if there were any doubt* that under *Stinson* the plain text requires this result," then *Kisor* would also support it, *id.* (emphasis added), as the *Kisor* Court held that a court is not to afford controlling deference to an agency's interpretation of its own regulation unless the regulation is found to be "genuinely

4

ambiguous after exhausting all the traditional tools of construction," *id.* at 445 (cleaned up) (quoting *Kisor*, 139 S. Ct. at 2415). Considering those traditional tools, the *Campbell* court found that the Guideline unambiguously excluded attempt offenses. *Id.* As a result, there was no need to explore the conflict between *Stinson* and *Kisor*, and it was not explored.

In his dissent from the panel opinion in this case, Judge King stated,

> The legal analysis of the panel majority in this case conflicts with the *Campbell* precedent in concluding that the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), is inapplicable. Crucially, no panel of this Court is entitled to *circumscribe or undermine* an earlier panel decision. *See McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc).

23 F.4th 347, 359 (4th Cir. 2022) (King, J., dissenting in part and concurring in the judgment) (emphasis added). The *McMellon* court, however, held more narrowly that "when there is an *irreconcilable conflict* between opinions issued by three-judge panels of this court, the first case to decide the issue is the one that must be followed, unless and until it is overruled by this court sitting *en banc* or by the Supreme Court." 387 F.3d at 334 (emphasis added).

While there is some tension between the analyses in the two opinions relating to the reach of *Kisor*, there is a legitimate question about whether the panel opinion here is in "irreconcilable conflict" with *Campbell*. *Campbell*, after all, relied *only* on *Stinson* for its holding — reasoning that its conclusion was "require[d]" by *Stinson*, 22 F.4th at 444 — as did the panel in this case, and *Campbell*'s discussion of *Kisor* was not only conditional but was given because *Kisor*'s application would lead to the same result. *Campbell* did not address, nor did it need to address, the tension between *Stinson* and *Kisor*, even as it relied

5

on *Stinson*. In this case, the panel did explore the tension, holding that *Stinson* continues to apply.

I submit therefore that whether there is an irreconcilable conflict between this case and *Campbell* is both an open and a debatable question, as it does not appear that resolution of the tension would alter the outcomes, as both cases applied *Stinson*. Thus, the tension between this case and *Campbell* would be better addressed in a future case where the issue becomes meaningful to that case's disposition. In the meantime, we would welcome the Supreme Court's advice on whether *Stinson* or *Kisor* controls the enforceability of and weight to be given Guidelines commentary, an issue that could have far-reaching results. But for now, I believe it wise to postpone addressing the issue until it is presented to us directly in a future case. Therefore, I vote against rehearing this case en banc.

DIANA GRIBBON MOTZ, Circuit Judge, with whom Judges KING, WYNN and THACKER join, dissenting from the denial of rehearing en banc and voting to grant rehearing en banc:

I respectfully dissent from the denial of rehearing en banc and vote to grant rehearing en banc. As Judge King correctly noted in his dissent from the panel opinion, a central holding in this case — that *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), does not apply to the Sentencing Guidelines' Commentary — directly conflicts with an earlier panel opinion of our court, *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). I continue to believe that *Campbell* was correctly decided, but merits aside, resolving intra-circuit conflicts is a quintessentially proper basis for en banc rehearing. *See* Fed. R. App. P. 35(b)(1)(A). I fear the court's failure to resolve this conflict now risks stoking confusion over the state of our precedent.

Absent resolution via en banc rehearing, it is worth remembering that the en banc court (with only a single judge dissenting on the question) has long expressly held that "[w]hen published panel opinions are in direct conflict on a given *issue*, the earliest opinion controls, unless the prior opinion has been overruled by an intervening opinion from this court sitting en banc or the Supreme Court." *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc) (emphasis added). That remains the law. *See, e.g., United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) (Niemeyer, J.) (relying on *McMellon* to reject litigant's request to overturn panel precedent).

7

*Campbell* was argued, decided, and published before *Moses*. The two cases are in direct and irreconcilable conflict on a given issue, *i.e.*, whether *Kisor* applies to the Commentary to the Sentencing Guidelines.[1] *Compare Campbell*, 22 F.4th at 444 (holding that *Kisor v. Wilkie* applies to the Commentary), *with Moses*, 23 F.4th at 349 ("*Stinson* continues to apply unaltered by *Kisor*."). And contrary to Judge Niemeyer's suggestion that *Campbell*'s discussion of *Kisor* is dicta; in fact *Campbell*'s discussion of *Kisor* is an alternative holding. *See Campbell*, 22 F.4th at 444 (noting that if there is "doubt" as to the correctness of our holding "under *Stinson*," *Kisor* "renders this conclusion indisputable."). "[A]lternative holdings are not dicta." *Gestamp South Carolina, LLC v. NLRB*, 769 F.3d 254, 262 n.4 (4th Cir. 2014). Thus, under our well-established *en banc* precedent in *McMellon*, unless and until the Supreme Court or this court sitting en banc say otherwise, the panel opinion in the case that is first argued, decided, and published controls. *Campbell* is that opinion.

---

[1] Judge Niemeyer places great emphasis on *McMellon*'s use of the word "irreconcilable." *See ante* at *5. A glance at *McMellon* reveals that we there used "irreconcilable conflict" and "direct conflict" interchangeably. *See* 387 F.3d at 333–34. In any case, it is quite clear that *Campbell* and *Moses* are directly and irreconcilably in conflict on an issue at the heart of each case.

WYNN, Circuit Judge, with whom Judges MOTZ, KING, and THACKER join, voting to grant rehearing en banc:[1]

To the extent that there is an irreconcilable conflict between our opinions in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), and *United States v. Moses*, 23 F.4th 347 (4th Cir. 2022), we all agree that *Campbell*, as the earlier published opinion, must control. *See McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc) ("When published panel opinions are in direct conflict on a given issue, the earliest opinion controls, unless the prior opinion has been overruled by an intervening opinion from this court sitting *en banc* or the Supreme Court.").

Our disagreement stems over the proper use of Federal Rule of Appellate Procedure 35. That rule could not be clearer: an en banc hearing is "not favored and ordinarily will not be ordered *unless*" "en banc consideration is necessary to secure or maintain uniformity of the court's decisions" or "the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a) (emphasis added). Both factors are unquestionably present in the instant case.

To start, the majority opinion in *Moses*—decided January 19, 2022—flatly contradicts our earlier circuit precedent in *Campbell*—decided January 7, 2022. In

---

[1] A majority of this Court's fourteen active judges vote to summarily deny, *without opinion*, to rehear this matter en banc. The one opinion expressing the reasons of a single judge for denying en banc rehearing and the two opinions expressing the reasons of four judges to grant en banc review represent only the views of those judges. In short, nine of the fourteen voting judges offer no opinion regarding why they voted to deny or grant rehearing en banc.

*Campbell*, the three-judge panel, consisting of Chief Judge Gregory, Judge Motz, and Judge Thacker, unanimously held that the framework articulated in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), applies to the Sentencing Commission's commentary to the Sentencing Guidelines. 22 F.4th at 444–47. A mere twelve days later, the two-judge majority in *Moses*, consisting of Judge Niemeyer and District Judge Cullen (sitting by designation), issued an opinion stating that the *Kisor* framework was *in*applicable to the Guidelines commentary.[2] 23 F.4th at 349. That is an undeniable—and irreconcilable—conflict.

But despite the clear contradiction with *Campbell*, the *Moses* majority, over the protestations of Judge King in dissent, did not even deign to mention *Campbell*, much less distinguish it (because it couldn't).

Due to that clear conflict, *Campbell* must control as the earlier published opinion. *See McMellon*, 387 F.3d at 333. But that settled rule did not stop the *Moses* majority from blatantly contradicting *Campbell* a mere twelve days after it was issued—even though the *Moses* dissent alerted the majority to the conflict and spelled out the earliest-published-opinion rule. *See Moses*, 23 F.4th at 359–60 (King, J., dissenting in part). And if that well-settled rule can be so casually—and apparently knowingly—ignored, then what's to stop

---

[2] The *Moses* majority reached this conclusion even though both parties in that case agreed that *Kisor does* apply to the Guidelines commentary. *See* Response Br. at 14–15; Reply Br. at 1–2. And in doing so, it candidly acknowledged that its holding departed from those of other circuits. *Compare Moses*, 23 F.4th at 349, *with United States v. Nasir*, 17 F.4th 459, 469–72 (3d Cir. 2021) (en banc) (reaching the opposite conclusion of *Moses*), *and United States v. Riccardi*, 989 F.3d 476, 484–86 (6th Cir. 2021) (same).

future panels from doing precisely the same? Especially when the full Court is evidently unwilling to correct such an overreach?

Judge Niemeyer, writing in support of the denial of rehearing en banc, suggests that no such overreach occurred here. He opines that while there is "some tension" between *Campbell* and *Moses*, *Campbell*'s discussion of *Kisor* was "only conditional" and *Campbell* failed to address, "nor did it need to address, the tension between *Stinson* and *Kisor*." Niemeyer Op. at 5. In other words, Judge Niemeyer is suggesting that *Campbell*'s discussion of *Kisor* is dicta, so *McMellon*'s earliest-published-opinion rule does not apply here.

If that is true, it is hard to understand why the *Moses* majority did not address it in their opinion. Surely that discussion would have been helpful to future panels and litigants, especially if, as Judge Niemeyer acknowledges, there is "some tension" between the two opinions. *Id.* at 5. It is also not clear why Judge Niemeyer's critique of *Campbell*—that it did not need to address the applicability of *Kisor* at all—does not apply with even greater force to his majority opinion in *Moses*. After all, both parties in *Moses agreed* that *Kisor* applied to the Guidelines commentary. *See* Response Br. at 14–15; Reply Br. at 1–2.

At any rate, *Campbell*'s analysis of *Kisor* is hardly dicta. *Campbell* spends nearly four pages discussing the impact of *Kisor* on the question at issue. *See* 22 F.4th at 444–47. It does not, as Judge Niemeyer suggests, "rel[y] *only* on *Stinson* for its holding." Niemeyer Op. at 5. Rather, it expressly relies on *Kisor* to hammer home its conclusion. *See Campbell*, 22 F.4th at 444–45 (stating that *Kisor* "renders [the Court's] conclusion indisputable"). So,

11

*Campbell*'s repeated citations to *Kisor* are hardly unnecessary flourishes; they are key analytical building blocks that support its overall conclusion.

The fact that at least four judges of this Court unequivocally believe that *Campbell* controls, while Judge Niemeyer alone seems to believe that *Moses* should control, highlights the need for en banc review. *Compare* Motz Op. (joined by Judges King, Wynn, and Thacker), *and* Wynn Op. (joined by Judges Motz, King, and Thacker), *with* Niemeyer Op. If we are confused about which rule applies, how can we expect litigants to know better?

In fact, there is evidence that *Moses* is already confusing lawmakers and the public. *See* Michael Garcia, Cong. Rsch. Serv., LSB10690, *Congressional Court Watcher: Recent Appellate Decisions of Interest to Lawmakers (Jan. 17–Jan. 23, 2022)* (informing Congress, incorrectly, that *Moses* created a circuit split on the applicability of *Kisor* to the Guidelines commentary, when it could do no such thing due to *Campbell*); Bernie Pazanowski, *Long Sentence Upheld Despite Challenge to Guidelines Commentary*, Bloomberg Law (Jan. 19, 2022) (also erroneously reporting that *Moses* created a circuit split). Our failure to resolve this confusion can only undermine the rule of law and destabilize our circuit precedent.

Today's failure to act also makes little sense as a matter of best practice. After all, a careful gardener does not allow weeds to grow unchecked, trusting that they will be shaded out by her taller, earlier-planted sprouts; she removes the weeds before they can threaten the health of the plants she is trying to cultivate. *Cf. McMellon*, 387 F.3d at 334 & n.2 (recognizing that while "the first case to decide the issue is the one that must be

followed," an en banc rehearing can provide an avenue to "more quickly resolve" an "intra-circuit conflict" when a later-decided case fails to follow earlier precedent); *id.* at 354 (Niemeyer, J., dissenting in part) (rejecting the en banc majority's earliest-published-opinion rule in part because "we can always resolve intra-circuit splits by *en banc* rehearings").

Judge Niemeyer suggests that any weed pulling here would be premature. Rather, he contends, it would be "wise to postpone addressing the [tension between *Stinson* and *Kisor*] until it is presented to us directly in a *future* case." Niemeyer Op. at 6 (emphasis added). However, Judge Niemeyer also notes that the tension between *Stinson* and *Kisor* is the very "root of *this* case." *Id.* at 3 (emphasis added). If that's true, *Moses* would seem to be the perfect vehicle to address the tension he is concerned about in an en banc rehearing.

A proactive approach seems especially wise here, where the present case involves an issue of exceptional importance. *Moses* did not just purport to interpret a single subsection of the Guidelines commentary. Rather, it attempted to craft a meta-rule that would govern our interpretation of the commentary writ large. *See Moses*, 23 F.4th at 352. Because the Guidelines commentary plays a key role in criminal sentencing, *Moses*'s putative rule could impact hundreds, if not thousands, of cases in the Fourth Circuit.

Sheer numbers aside, Rule 35 also explains that a "proceeding presents a question of exceptional importance if it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue." Fed. R. App. P. 35(b)(1)(B). And *Moses* frankly acknowledged that its holding

13

departed from the law of the Third and Sixth Circuits. *See Moses*, 23 F.4th at 349 (citing

*United States v. Nasir*, 17 F.4th 459, 469–72 (3d Cir. 2021) (en banc), and *United States v.*

*Riccardi*, 989 F.3d 476, 484–86 (6th Cir. 2021)). So, *Moses* not only created an *intra-*

circuit split, but it also attempted to create an old-fashioned *circuit* split. That alone makes

it an exceptionally important case worthy of en banc review.

In sum, it would be hard to imagine a more suitable candidate for en banc rehearing.

Yet somehow the majority of my colleagues declined to grant a petition for such a

rehearing. Though I generally do not favor separate opinions on matters like this, I cannot

be associated with what I view as a serious departure from the purposes of Rule 35. So,

with great respect for my colleagues in the majority, I vote to grant rehearing en banc.